United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Dainer Damian Guevara-Company, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4788 |
| | § | |
| Todd Blanche, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

Before the Court is Dainer Damian Guevara-Company's Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241, Doc. 1, and Respondents' Motion for Summary Judgment, Doc. 7.

Petitioner, a native and citizen of Cuba, concedes that he illegally entered the United States in 2021. Doc. 1 ¶¶ 1, 14. After Plaintiff's illegal entry, the Department of Homeland Security served him with a Notice to Appear that charged him with removability as an alien who entered the United States without inspection and admission. *Id.* ¶ 2; Doc. 1-2 at 2. Pending his first removal proceedings, Petitioner was released on his own recognizance. Docs. 1 ¶ 2; 1-3 at 2.

On June 9, 2026, the Department of Homeland Security detained Petitioner pursuant to 8 U.S.C. § 1225(b).[1] Docs. 1-5 at 2; 7 at 3. He remains in the custody of Respondent

---

[1] Respondents argue, each in the alternative, that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1) and (b)(2). Doc. 7 at 4. The Court need not address this issue.

Warden of the Montgomery Processing Center in Conroe, Texas. Docs. 1 ¶ 20; 1-6 at 2. Petitioner filed this Petition asserting that his current detention violates (i) substantive due process and (ii) procedural due process.[2] Doc. 1 ¶¶ 41–53.

Respondents maintain that Petitioner is not entitled to a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) while in expedited removal proceedings or, alternatively, because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)'s catchall provision. Doc. 7 at 3–5.

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens to mandatory detention under both Section 1225(b)(2)(A) and Section 1225(b)(1)(B)(ii). *See Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026); *Hossain v. Thompson*, No. 4:26-cv-3182 (S.D. Tex. July 23, 2026). The Court held that detention pending a removal order under Section 1225(b)(2)(A) and detention pending a final asylum determination under Section 1225(b)(1)(B)(ii) are demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal and asylum application processes. *See Campos Bernal*, 2026 WL 1804234, at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)); *Hossain*, slip op. at 4–5.

---

[2] Plaintiff also claims that his detention violates 28 U.S.C. § 2241. Doc. 1 ¶¶ 64, 65. As this is simply the statute that grants courts the power to grant a writ of habeas corpus, this claim does not state a cause of action.

Petitioner's challenges therefore fail under either statutory detention scheme, so the Court need not determine which of the two statutes authorizes Petitioner's present detention.

As such, Respondent's Amended Motion for Summary Judgment is GRANTED. The Petition is DISMISSED WITH PREJUDICE. The Clerk shall deliver a copy of this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

The Clerk of Court is directed to CLOSE this case.

This is a FINAL JUDGMENT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 22nd of October, 2026.

Nicholas J. Ganjei
United States District Judge